**DIVISION OF EMPLOYMENT AND TRAINING, Petitioner,**

v.

**INDUSTRIAL COMMISSION (Ex-Officio Unemployment Compensation Commission of Colorado); Slawomir Turynski; Jan Plesniak; and Kazimierz Kozak, Respondents.**

No. 84CA1076.

Colorado Court of Appeals, Div. III.

May 2, 1985.

Rehearing Denied June 6, 1985.

Certiorari Granted Sept. 30, 1985.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Christa D. Taylor, Asst. Atty. Gen., Denver, for petitioner.

Rebecca P. Burdette, Robert G. Heiserman, Denver, for respondent Kazimierz Kozak.

TURSI, Judge.

The Colorado Department of Employment and Training (CDET), pursuant to § 8–74–107(2), C.R.S. (1984 Cum.Supp.), seeks review of an order of the Industrial Commission allowing unemployment compensation benefits to three alien claimants. We affirm.

Slawomir Turynski, Jan Plesniak, and Kazimierz Kozak are Polish nationals who entered the United States under B–2 visitors visas. Plesniak and Turynski received extensions of their B–2 status from the Immigration and Naturalization Service (INS) until February 9, 1982. On that date each filed a request for political asylum. The INS also granted each work authorization which was extended periodically while the asylum applications were being processed. Both secured employment in Colorado.

Kozak failed to request an extension of his B–2 visa after it expired. Consequently, the INS commenced deportation proceedings against him until he also filed an application for political asylum. The INS, by letter, informed Kozak that no attempt would be made to deport him until an advisory opinion from the Office of Refugee and Migration Affairs was rendered. The letter authorized Kozak to work until receiving further notice from the INS. Kozak also secured employment in Colorado.

Turynski and Plesniak filed for unemployment insurance benefits effective October 17, 1982, and Kozak filed a claim for benefits on April 22, 1982. The claims were initially paid, but were later denied by a CDET deputy. The deputy also ruled that Turynski and Plesniak were each liable for over payment of benefits to which they were not entitled in the amount of $2718 and that Kozak was liable in the amount of $2679.96.

After two consolidated hearings a CDET referee ruled that political asylum applicants do not qualify for Colorado unem-

ployment insurance benefits under the criteria of § 8–73–107(7)(a), C.R.S. Specifically the referee found that the claimants did not qualify as aliens "permanently residing in the United States under color of law" because there is no implied permanency in the residence of applicants for political asylum.

The Industrial Commission reversed, concluding that the claimants were permanently residing in the United States under color of law because of their intent eventually to become permanent residents and because of the repeated work extensions granted by the INS. The Commission stated, "The totality of evidence indicates intent by the claimants, and contemplation by the government, that the residency was continued with permission to work and earn wages and wage credits, and would be terminated only by actual legal decision and proceedings of deportation." We agree with the reasoning of the Industrial Commission.

In *Arteaga v. Industrial Commission*, 703 P.2d 654 (Colo.App.1985) we adopted the interpretation of "permanently residing in the United States under color of law" from *Holley v. Lavine*, 553 F.2d 845 (2d Cir.1977), *cert. denied sub nom, Shang v. Holley*, 435 U.S. 947, 98 S.Ct. 1532, 55 L.Ed.2d 545 (1978). "Permanently residing" means a residence of continuing or lasting nature, as distinguished from temporary, even though eventually it may be dissolved at the instance of either the United States or the individual in accordance with law.

Under the facts of this case, all three claimants had applied for asylum, had established permanent homes in the United States, and had obtained leave to stay and work in the country while their applications were pending. *See Arteaga v. Industrial Commission, supra.* As in *Holley, supra,* all three claimants were residing and working in the United States with the knowledge and permission of the INS. The act of the INS in allowing the claimants to remain and work in the United States while their asylum applications were pending demonstrates the agency's intention to allow the claimants to remain in this country until they eventually obtained a lawful status.

Further, testimony at the hearing also revealed that, because of the political situation in existence in Poland, there was a State Department and INS policy placing a moratorium on forced departure of Polish nationals illegally present in this country. Thus, by virtue of this policy, even if claimants' asylum applications were denied, all would still be residing in the United States under color of law.

Accordingly, under the Colorado Employment Security Act, each claimant is eligible for unemployment benefits based on wages earned during any lawfully accrued eligibility period.

The order of the Industrial Commission is affirmed.

STERNBERG and METZGER, JJ., concur.